Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>**FELIX RUIZ DENIS**<br><br>Peticionario | **TA2025CE00908** | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm.:<br>**ISCR-202200117**<br>**AIVP-202500235**<br><br>Sobre:<br><br>Art. 65, Art. 67 |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

Comparece por *derecho propio* ante nos Félix Ruiz Denis, en adelante, Ruiz Denis o peticionario, solicitando que revisemos y disminuyamos en un veinticinco por ciento (25%) las sentencias impuestas en su contra por el Tribunal de Primera Instancia, Sala Superior de Mayagüez y Sala Superior de Aguadilla.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso de autos.

**I.**

Según esboza en el escrito del recurso, mientras se encontraba sumariado en la Institución Penal 676 del Municipio de Ponce, el *4 de marzo de 2025* fue sentenciado a cumplir tres (3) años de prisión por violación al Artículo 223 del Código Penal de Puerto Rico, en adelante, Código Penal, Ley 146-2012, 33 LPRA sec. 5293.[1]

---

[1] Destacamos que no obra en el expediente evidencia documental del caso en su contra, ni la Sentencia recaída. Sin embargo, al amparo de las disposiciones de la Regla 201 de Evidencia, 32 LPRA Ap. VI, R. 201, tomamos conocimiento judicial del caso ISCR-202200117 a través del sistema de Consulta de Casos del Poder

Además, el peticionario alega que el *14 de agosto de 2025* fue sentenciado a tres (3) años de reclusión por violación al Artículo 182 del Código Penal, supra, sec. 5252.[2] Finalmente, añade en su petitorio que se encuentra cumpliendo ambas penas en la Institución Penal Guerrero en el Municipio de Aguadilla.

Así las cosas, el *15 de diciembre de 2025*, Ruiz Denis presentó un recurso de *Certiorari* ante esta Curia, impugnando las sentencias aludidas. Aunque no hizo referencia específica a algún error cometido por el Foro Primario, arguyó que existían circunstancias atenuantes, por lo que solicitó que dictemos sentencia de acuerdo con los Artículos 65 y 67 del Código Penal, supra, secs. 5098 y 5099.

Al amparo de la facultad conferida por la Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), prescindimos de la comparecencia del recurrido, y procedemos a expresarnos.[3]

## II.

### A. Certiorari Criminal

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Guadalupe Rivera*, 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

---

Judicial de Puerto Rico. Del mismos surge que el 4 de marzo de 2025, el peticionario realizó una alegación de culpabilidad.

[2] De igual manera, tomamos conocimiento judicial, al amparo de la precitada regla de evidencia, de este caso, identificado como ABD2025G0028, en el sistema de Consulta de Casos del Poder Judicial. Del mismo surge que para la fecha del 14 de agosto de 2025 se celebró vista del Juicio en su Fondo.

[3] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". Reglamento del Tribunal de Apelaciones, supra.

Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria". *Pueblo v. Díaz de León*, supra, pág. 918. Conviene destacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez*, supra, pág. 847; *Pueblo v. Custodio Colón*, 192 DPR 567, 588 (2015). *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, pág. 59, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el Foro Apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

**B. Jurisdicción**

La jurisdicción de un Tribunal consiste en la autoridad o facultad que tiene para atender y adjudicar una controversia.

*Greene y otros v. Biase y otros,* 2025 TSPR 83, 216 DPR \_\_\_ 2025; *Mun. Río Grande v. Adq. Finca et al.,* 2025 TSPR 36, 215 DPR \_\_\_ (2025); *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 214 DPR \_\_\_ (2024); *Mun. Aguada v. W. Const. y Recovery Finance,* 2024 TSPR 69, 214 DPR \_\_\_ (2024); *R&B Power Inc. v. Junta de Subasta ASG,* 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora,* 213 DPR 348, 354 (2023); *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021). Los asuntos relevantes a la jurisdicción requieren prontitud y preferencia en su manejo. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233–234 (2014); *Muns. Aguada y Aguadilla v. JCA,* 190 DPR 122, 131 (2014); *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012). Por eso, es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción, pues no tienen discreción para asumir jurisdicción allí donde no la tienen. *JJJ Adventure v. Consejo Titulares,* 2025 TSPR 123, 216 DPR \_\_\_ (2025); *Mun. Aguada v. W. Const. y Recovery Finance,* supra, pág. 698; *Peerless Oil v. Hnos. Torres Pérez,* supra, pág. 250, citando a *SLG. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

Por su severidad y las graves repercusiones que redundan para el promovente de una causa de acción, la desestimación de un recurso apelativo constituye una sanción de último recurso. *Salinas v. S.L.G. Alonso,* 160 DPR 647, 656 (2003). Por ello, cuando el foro intermedio pretende aplicar dicho mecanismo a un recurso sometido a su consideración, debe ponderar su proceder y cerciorarse de que el incumplimiento del apelante ha constituido un impedimento real para el ejercicio efectivo de su función revisora.

***La falta de jurisdicción es un defecto que no puede ser subsanado.*** *Freire Ruiz et al. v. Morales, Hernández,* supra; *Lozada Sánchez et al. v. JCA.,* 184 DPR 898, 909 (2012). Nuestro Alto Foro

ha expresado que, ante la ausencia de jurisdicción, la única vía en derecho es así declararlo y desestimar el caso. *Markovic v. Meldon y otro,* 2025 TSPR 99, 216 DPR ___ (2025); *Mun. Aguada v. W. Const. y Recovery Finance,* supra; *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

Relativo al caso de autos, la Regla 83 del Reglamento del Tribunal de Apelaciones, supra, pág. 109, dispone que:

> [...]
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> 1. *que el Tribunal de Apelaciones carece de jurisdicción;*
> 2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> 3. que no se ha presentado o proseguido con diligencia o buena fe;
> 4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> 5. que el recurso se ha convertido en académico.
>
> (C) El Tribunal de Apelaciones, *a iniciativa propia*, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.
> [...]
> *Freire Ruiz et al. v. Morales, Hernández,* supra.
> (Énfasis suplido).

Es por esto, que las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse de manera rigurosa. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

Por otro lado, otra razón por la que este Tribunal puede estar vedado de ejercer jurisdicción sobre un caso ocurre cuando un convicto solicita revisión de una sentencia por alegación de culpabilidad fuera de los términos jurisdiccionales para ello. A esos

efectos, la Regla 32 de nuestro Reglamento, supra, dispone lo siguiente:

> (A) El recurso de *certiorari* para revisar las sentencias en los casos de condena por alegación de culpabilidad se formalizará mediante la presentación de una solicitud dentro de los ***treinta días siguientes a la fecha en que se haya dictado la sentencia recurrida,*** a menos que alguna ley especial aplicable disponga un término distinto. ***Este término es jurisdiccional.***
> (Énfasis suplido).

### C. Perfeccionamiento de los recursos

En nuestro ordenamiento jurídico se le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 589 (2019). Tal derecho, sin embargo, está sujeto a limitaciones legales y reglamentarias, entre las que se encuentra su correcto perfeccionamiento. *Id.*

De otra parte, es harto conocido que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Freire Ruiz et al. v. Morales, Hernández,* supra; *Isleta v. Inversiones Isleta Marina,* supra, pág. 590; *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Es por ello, que, ante el rigor requerido, se autoriza la desestimación de aquel recurso que incumpla con las disposiciones reglamentarias de fondo y forma. *Íd.* Sin embargo, dado a la severidad de esta sanción, los tribunales deberán cerciorarse primero de que el incumplimiento haya provocado un impedimento real y meritorio para atender el caso en los méritos. *Román et als v. Román et als,* 158 DPR 163, 167-168 (2002).

En cuanto a las disposiciones reglamentarias antes aludidas, es de particular importancia para el caso de autos la Regla 34 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 51, 215 DPR ___ (2025); que establece cuál es el contenido que deberá tener el recurso de *certiorari*. La precitada reza de la siguiente manera:

> (1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
> [...]
> (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari.*
> [...]
> (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.
> (e) ***Un señalamiento breve y conciso de los errores*** que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.
> (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.
>
> (Énfasis nuestro).

Más adelante, la misma Regla dispone, en lo pertinente al caso de epígrafe, que los recursos de esta naturaleza deberán contener un Apéndice que cuente, entre otros, con lo siguiente:

> (b) ***La decisión del Tribunal de Primera Instancia cuya revisión se solicita***, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.
> (c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari,* y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari,* o que sean relevantes a esta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

Es doctrina reiterada que las partes, inclusive *los comparecientes por derecho propio* deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos y que su incumplimiento puede dar lugar a la desestimación. *Pueblo v. Román Martir,* 169 DPR 809, 822 (2007); *Córdova v. Larín,* 151 DPR 192, 195-198 (2000); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 13 (2000). Sobre el particular, el Tribunal Supremo ha expresado:

> En primer lugar, es necesario aclarar que ***el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales.*** Al igual que en el pasado quisimos evitar que litigantes perdidosos postergaran indefinidamente la adjudicación final y firme de los casos con la presentación de una moción de reconsideración, ahora debemos evitar que las partes utilicen la comparecencia por derecho propio como subterfugio para no cumplir con las normas procesales, especialmente aquellas que establecen términos jurisdiccionales o de cumplimiento estricto.
>
> *Febles v. Romar,* 159 DPR 714, 722 (2003).
> (Énfasis nuestro).

### III.

Ruiz Denis comparece ante nos mediante un recurso de *Certiorari* mediante el cual, en apretada síntesis, intenta impugnar las sentencias recaídas en su contra. Aunque no ofrece documentación o argumentación en derecho para sustentarlo, sostiene que sus sentencias deben ser reducidas en un veinticinco

por ciento (25%) en virtud de una serie de atenuantes. Sin embargo, no estamos en posición de adentrarnos en su escueto petitorio, por razón de *falta de jurisdicción.*

Como mencionáramos previamente, es nuestro deber, como Foro Revisor, auscultar nuestra jurisdicción sobre cada recurso ante nuestra consideración. La falta de ello es un defecto insubsanable que solo puede encallarse en la desestimación. Las reglas que regulan nuestras facultades nos permiten levantar esta deficiencia *motu proprio,* lo cual aquí lo hacemos por dos (2) razones.

El recurso del peticionario no está perfeccionado y no cuenta con la documentación necesaria para evaluar nuestra jurisdicción, ni los méritos de su solicitud. No obstante, con relación a las sentencias, hemos tomado conocimiento judicial a través del sistema de Consulta de Casos del Poder Judicial que los términos para impugnarlas vencieron. Referente a la sentencia del mes de marzo del año en curso, no es hasta nueve (9) meses después de la misma que el *certorari* es presentado ante nos. Así, según esbozamos previamente, el término jurisdiccional para recurrir ante esta Curia venció. Por ello, con relación a la impugnación de la primera sentencia, no tenemos jurisdicción.

Por otro lado, con respecto a la segunda sentencia, recaída en agosto del año 2025 también, Ruiz Denis tampoco anejó documentación que constate la misma. Sin embargo, una búsqueda en el sistema de Consulta de Casos del Poder Judicial refleja un caso en el TPI-Aguadilla contra el peticionario que fue resuelto el 14 de agosto de 2025. Para esta sentencia, el recurso de *certiorari* también llegó fuera del término jurisdiccional de treinta (30) días.

Aun si tuviéramos la facultad de soslayar los términos jurisdiccionales para atender el recurso, lo cierto es que el peticionario no perfeccionó su recurso. Incumplió severamente con las Reglas del Tribunal de Apelaciones, supra, y no nos ha colocado

en posición para evaluar, en contraposición a los hechos y al derecho que encausaron sus sentencias, si su petición goza de algún mérito.

**IV.**

Por los fundamentos antes esbozados, nos vemos obligados a *desestimar el presente petitorio por falta de jurisdicción por tardío y por falta de perfeccionamiento.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones